NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 23 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SUSAN CAROL PLICHCIK,

       Plaintiff - Appellant,

 v.

SAFECO INSURANCE; SAFECO
INSURANCE COMPANY OF AMERICA;
SAFECO INSURANCE COMPANY OF
ILLINOIS; GENERAL INSURANCE
COMPANY OF AMERICA,

       Defendants - Appellees.

No. 24-1356

D.C. No. 3:21-cv-05137-JD

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
James Donato, District Judge, Presiding

Submitted March 16, 2026[**]

Before:    SILVERMAN, NGUYEN, and HURWITZ, Circuit Judges.

Susan Carol Plichcik appeals pro se from the district court's summary

judgment in her action alleging federal and state law claims arising out of an

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

insurance coverage dispute.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Desire, LLC v. Manna Textiles, Inc.*, 986 F.3d 1253, 1259 (9th Cir. 2021).  We affirm.

The district court properly granted summary judgment because Plichcik failed to raise a genuine dispute of material fact as to whether she brought this action within the one-year limitations period set forth in her insurance policy or was entitled to tolling or otherwise excused from the limitations period.  *See Prudential-LMI Com. Ins. v. Superior Ct.*, 798 P.2d 1230, 1239 (Cal. 1990), *as modified* (Dec. 13, 1990) (explaining that the limitations period begins running when the insurer issues a "formal denial" of coverage); *see also Rosenberg-Wohl v. State Farm Fire & Cas. Co.*, 551 P.3d 1097, 1103-1104 (Cal. 2024) (explaining that claims "on the policy" are those "that in some manner seek a financial recovery attributable to a claimed loss that was coverable under a policy" and that such claims are subject to the policy's limitations periods).

We do not consider arguments and allegations raised for the first time on appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending motions are denied.

**AFFIRMED.**